```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 08-21265-CIV-MORENO
                         MAGISTRATE P. A. WHITE

TERRY E. CUNNINGHAM      :

     Petitioner,         :

v.                       :      REPORT OF
                                MAGISTRATE JUDGE
WALTER A. MC NEIL,       :

     Respondent.         :
_____
```

Terry E. Cunningham, a state prisoner confined at Apalachee Correctional Institution, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking his nolo contendere plea and sentence entered in Case Nos. F-03-33967, F-04-04385 & F-05-06712 in the Circuit Court of the Eleventh Judicial Circuit, in and for, Miami-Dade County, Florida.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition and memorandum of law, the Court has the respondent's response to an order to show cause with exhibits and the petitioner's response to limitations period.

Cunningham raises the following grounds for relief.

> 1) Conviction obtained in violation of substantive and procedural due process, U.S. Const. Amend. V, XIV.
>
> 2) Ineffective assistance of counsel in violation of Federal Protected Constitution Rights Afforded U.S. Const. Amend., VI, XIV.

>    3) Federally protected right to due process
>    violated when conviction contained by
>    unlawfully invoked plea not voluntary made
>    when actually innocent, U.S. Const. Amend. V,
>    XIV.
>
>    4) Conviction of Mr. Cunningham
>    unconstitutional when actually innocent. U.S.
>    Const. Amend. V, XIV.

([D.E. 1] at 5).

## **PROCEDURAL BACKGROUND**

The pertinent procedural history is as follows. On August 5, 2005, Cunningham plead no contest to violations of felony probation in cases F-03-033967 & F-04-004385 and to the counts as charged in F-05-006712. (See [D.E. 10, App. I, Ex. B]). Cunningham was adjudicated guilty and sentenced to five years imprisonment for each count in the information, with all sentences to run concurrently. (See [D.E. 10, App. I, Ex. B]). On August 2, 2005, in conjunction with his plea, Cunningham executed a written plea agreement, including a "satisfaction of attorney" provision. (See [D.E. 10, App. I, Ex. B]).

On May 11, 2006, Cunningham filed his first motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850. (See [D.E. 10, App. A]). On November 1, 2006, the trial court denied the motion. (See [D.E. 10, App. B]). Thereafter, Cunningham filed an appeal with the Third District Court of Appeal. On April 11, 2007, the Third District per curiam affirmed. Cunningham v. State, 954 So. 2d 674 (Fla. 3d DCA 2007). Mandate issued on June 7, 2007.

Additionally, on November 20, 2006, while the appeal of his postconviction motion was pending, Cunningham filed a writ of habeas corpus in the Florida Supreme Court. ((See [D.E. 10, Ex. J]). On December 13, 2006, the Florida Supreme Court transferred

the petition for writ of habeas corpus to the circuit court for "consideration as a motion for postconviction relief filed pursuant to either Florida Rule of Criminal Procedure 3.850 or 3.800(a)." [D.E. 10, App. D]. On January 10, 2007, the trial court denied Cunningham's "petition for writ of habeas corpus, thereafter considered as a postconviction motion as successive." (See [D.E. 10, Ex. K]). On March 28, 2007, Cunningham appealed this denial to the Third District Court of Appeal. (See [D.E. 10, Ex. K]).  On February 27, 2008, the Third District per curiam affirmed. (See [D.E. 10, Ex. O]). On March 14, 2008, mandate issued. (See [D.E. 10, Ex. O]).

Meanwhile on February 19, 2007, during the pendency of the appeal of the denial of his writ for habeas corpus, Cunningham filed another motion for postconviction relief based on "newly discovered evidence". (See [D.E. 10, Ex. P]). On March 15, 2007, the trial court denied this motion finding that "[t]he grounds set forth in defendant's motion, do not constitute newly discovered evidence since they were known prior to or at the time of the plea colloquy." (See [D.E. 10, Ex. R]). On August 5, 2007, Cunningham then appealed this denial to the Third District Court of Appeal. (See [D.E. 10, Ex. S, App. A]).  However, Cunningham filed a notice of voluntary dismissal on August 7, 2007. ([D.E. 10, Ex. T]).

On May 2, 2007, prior to the appeal of his third postconviction motion, Cunningham filed another postconviction motion with the trial court based "upon actual innocence - fundamental error." (See [D.E. 10, Ex. V]). On May 24, 2007, the trial court denied the motion as successive. (See [D.E. 10, Ex. W]). The trial court further cautioned Cunningham that "any further *pro se* post conviction motions raising the same issue(s) may subject him to sanctions for abusing the legal process." Id. On June 25, 2007, Cunningham filed his appeal with the Third

3

District Court of Appeal. (See [D.E. 10, Ex Y.]). On September 12, 2007, the Third District per curiam affirmed. (See [D.E. 10, Ex. Y]). Mandate issued on October 8, 2007. (See [D.E. 10, Ex. Y]).

Undaunted, and after he was cautioned by the trial court, Cunningham filed yet another postconviction motion with the trial court on June 7, 2007. (See [D.E. 10, Ex. S, App. A]). Again, Cunningham alleged "newly discovered evidence". Id. On October 3, 2007, the trial court denied this motion and further issued an order to show cause why defendant should not be prohibited from filing additional *pro se* postconviction motions/pleadings. (See [D.E. 10, Ex. AA]). On December 20, 2007, Cunningham filed his appeal to the Third District. (See [D.E. 10, Ex. CC]). The Third District per curiam affirmed on December 23, 2008 (See [D.E. 10, Ex. DD]) Mandate issued on February 20, 2008. (See [D.E. 10, Ex. EE]). Cunningham has also appealed the order prohibiting him from filing additional *pro se* post convictions motions/pleadings, however that appeal is not determinative of issues in the instant case.

On April 30, 2008, Cunningham came to this Court, filing the instant federal petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. [D.E. 1]. For the following reasons, habeas relief is denied.

## **ANALYSIS**

The respondent correctly concedes that this petition was filed timely pursuant to 28 U.S.C. §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz v. Bennett, 531 U.S. 4 (2000)(pendency of properly-filed state post-conviction proceedings tolls the AEDPA limitations period).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[1] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[2] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d

---

[1] The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[2] A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

1269, 1271 (11th Cir. 1999). See also Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999).

Cunningham's petition is governed by Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] which sets out a significant restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362 (2000), the Supreme Court interpreted this provision as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but

6

>          unreasonably applies that principle to the
>          facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. Id.; see also, Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to extend a legal principle from Supreme Court case law to a new situation. Id. In this context, an "unreasonable application" is an "objectively unreasonable" application. Williams v. Taylor, supra at 409.

The Eleventh Circuit has stressed the importance of this standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295, quoting Bell v. Cone, 535 U.S. 685 (2002).

7

The respondent argued that certain sub-claims within Cunningham's claims are unexhausted or successive and, therefore, are procedurally barred. (See [D.E. 8]). The respondent further addressed the merits of the remaining sub-claims and argued that Cunningham should be denied relief. Because all of Cunningham's claims wholly lack merit, this Court will not needlessly engage in parceling Cunningham's claims and sub-claims for a determination of a procedural bar. Cunningham's petition is denied in its entirety.

### *Merits*

First and foremost, Cunningham pled no contest to the charges for which he is now incarcerated. (See [D.E. 10, App. I, Ex. B]). Cunningham's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996, "which limits our review of the decisions of the state courts and establishes a 'general framework of substantial deference' for reviewing 'every issue that the state courts have decided.'" Fotopoulos v. Secretary, 516 F.3d 1229, 1232 (11th Cir. 2008) (citing Crowe v. Hall, 490 F.3d 840, 844 (11th Cir. 2007)(quoting Diaz v. Sec'y for the Dep't of Corr., 402 F.3d 1136, 1141 (11th Cir. 2005)).  This court is to affirm the decision of the state court unless the decision "'was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court,' 28 U.S.C. §2254(d)(1), or there was an 'unreasonable determination of the facts,' id. §2254(d)(2)". Fotopoulos, 516 F.3d at 1232.

The Court is further bound by the restrictions set forth in 28 U.S.C. §2254(e). Section 2254(e) provides:
> **(e)(1)** In a proceeding instituted by an

>application for a writ of habeas corpus by a
>person in custody pursuant to the judgment of
>a State court, a determination of a factual
>issue made by a State court shall be presumed
>to be correct. The applicant shall have the
>burden of rebutting the presumption of
>correctness by clear and convincing evidence.

For the following reasons, Cunningham has not met this burden.

### *Ineffective Assistance Of Counsel*

To prevail on a claim of ineffective assistance, a movant must demonstrate both that his attorney's efforts fell below constitutional standards, and that he suffered prejudice as a result; that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficiency. Strickland v. Washington, 466 U.S. 668 (1984). Review of counsel's conduct is to be highly deferential, and the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

The traditional rule is that a defendant's plea of guilty made knowingly, voluntarily, and with the benefit of competent counsel, waives all nonjurisdictional defects in the proceedings. United States v. Broce, 488 U.S. 563 (1989). See also Barrientos v. United States, 668 F.2d 838, 842 (5th Cir. 1982). As the Supreme Court has explained:

>A guilty plea represents a break in the chain of events
>which had preceded it in the criminal process. When a

9

>criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Exceptions to the general rule are those cases which are constitutionally infirm because the government has no power to prosecute them at all, which is not applicable to this case. See Broce, 488 U.S. at 574-575.

Moreover, the waiver also extends to claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. See Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. 1981), cert. denied, 456 U.S. 992 (1982). See also United States v. Bohn, 956 F.2d 208, 209 (9th Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea). Cunningham's claims that his counsel was ineffective for "failing to review evidence"; "withholding of exculpatory evidence"; "misinformed petitioner concerning contents of deposition of witnesses"; "failure to object" and "waiver of petitioner's sixth amendment speedy trial rights" do not relate to the voluntariness of the pleas and, even if his claim could be so construed, there is absolutely no indication in the record that the nolo contendere plea was not entered knowingly and voluntarily. Accordingly, Cunningham is not entitled to habeas review. See United States v. Arnaiz, 144 Fed.Appx. 27, 31 (11th Cir. 2005)(holding that defendant waived any non-jurisdictional challenges to his indictment, including by way of a motion to dismiss the indictment, when he voluntarily pleaded guilty with the advice of competent counsel).

Further, Cunningham's claims for federal habeas relief were

the subjects of the state trial and appellate courts review. Those claims were denied because either "no prejudice had been established" or it was determined that they were "without merit." (See [D.E. 10, App. B]; [D.E. 10, Ex. K]).

There is simply nothing in the record to suggest that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court or there was an unreasonable determination of the facts. See Fotopoulos, 516 F.3d at 1232. Therefore, the foregoing resolution of his assertion of ineffective assistance was reasonable and in accord with applicable federal authority, and should not be disturbed. Williams v. Taylor, supra. Habeas relief is denied to Cunningham as to this claim.

### *Actual Innocence and Newly Discovered Evidence*

Cunningham asserts actual innocence and newly discovered evidence claims which are not cognizable in this federal habeas corpus proceeding. It is well settled that the "existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." Townsend v. Sain, 372 U.S. 293 (1963). The Supreme Court has held that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). It is not the role of the federal courts to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. See Brownlee v. Haley, 306 F.3d 1043, 1065 (11th Cir. 2002). "This rule is grounded in the principle

that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact." Id., quoting, Herrera, 506 U.S. at 400.

Cunningham alleges no independent constitutional violation relating to the alleged newly discovered evidence other than the waived and previously denied ineffective assistance of counsel claims. If he is somehow again alleging that he suffered a due process violation based upon the conduct of the state and/or trial court, such a claim is unavailing. See Giglio v. United States, 405 U.S. 150, 153 (1972); Napue v. Illinois, 360 U.S. 264, 269 (1959). Of course, it is undisputed that a state's knowing use of materially false evidence in a criminal prosecution is violative of due process principles. However, there is no support whatever in the record, that the victim testified falsely and/or that the state knowingly used false testimony to coerce a plea agreement. Since the record does not support any claim of false or fabricated evidence Cunningham has failed to demonstrate that the prosecutor in any way acted improperly or knowingly presented any such evidence.

Further, even if a freestanding claim of actual innocence were cognizable here, a habeas petitioner attempting to establish "actual innocence" must meet a high standard. Bousley v. United States, 523 U.S. 614 (1998). See also House v. Bell, 547 U.S. 518, 126 S.Ct. 2064 (2006). A petitioner must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, supra at 623 (quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995)). To be credible, a claim of actual innocence requires the petitioner to "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." Schlup v. Delo, 513 U.S. at 324.  All things considered, the evidence must undermine the Court's confidence in the outcome of the trial. Id. at 316.

   In this federal proceeding, Davis has come forward with no new reliable evidence to support his claim of actual innocence. Cunningham's claims today are identical to those raised multiple times before the trial and lower appellate courts in Florida. These claims were correctly denied.

> In addition, Officer Nieves, in his deposition said that defendant had made a statement, to wit: "I'm sorry for running, my buddy told me the car was stolen, plus I had some crack." Florida Statute 812.014(1), provides as follows:
>
>> (1) A person commits theft is he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
>>
>>> (a) Deprive the other person of a right to the property or a benefit from the property.
>>> (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.
>
> The fact that the surveillance video does not reflect the defendant as the person who initially stole the vehicle, does not mean that the defendant was not using the property and depriving the rightful owner of the right to the property.

(See [D.E. 10, App. B]).

13

In conclusion, the alleged new evidence, would not have produced a different result at trial. Cunningham cannot demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of the crimes if the surveillance video had been viewed by the petitioner. Accordingly, the state courts' determinations that Cunningham was not entitled to postconviction relief on his claims of newly discovered evidence and/or actual innocence are not in conflict with clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Relief must therefore be denied pursuant to 28 U.S.C. §2254(d). <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). Habeas relief is also denied as to these claims.

## **CONCLUSION**

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 30th day of January, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Terry E. Cunningham
    Apalachee correctional Institution
    West Unit
    52 West Unit Drive
    Snead, FL 32460

```
Jill D. Kramer
Assistant Attorney General
444 Brickell Avenue
Suite 650
Miami, FL 33131
```